Chief Justice Bibb
delivered the Opinion of the Court.
The bill of Eccles demands of the defendants a sum of money, viz: $122 50; upon the allegation, that the complainant sold to the defendants his store goods, whereof a part of the purchase was taken by complainant of the defendants in a note of John Hanna, & Co. for $1118 25, falling due 15th August, 1819, endorsed by T. P. Moore and the defendants; that this note was received upon assurance of the defendant, that it would be promptly met, and ’that it was relie.d on by complainant as cash, to meet two replevin bonds entered into by him with Robert B. M’Afee as security, in July 1819, to release the said goods from executions; that complainant was assured by defendant, that if the makers of said note did not punctually pay, the defendants would; that the note was not paid by the makers; that executions issued on the replevin bonds; that the complainant to relieve his security, was compelled by his necessities, to, give' to, the defendant the discount of $122 50, aforesaid, tq induce them to advance money to pay the executions in part, and to execute their two notes to. Robert M’Afee, his surety in the replevin bonds, for his indemnity, the one for $300, the other for $78 31, and that the defendants, talcing advantage of the urgency of his situation, did execute the two notes to. *68 M’Afee, obtained the discount upon Hanna’s note of $122 50, paid the balance in money and took up that note, so previously endorsed by the defendants to the complainants.
Answers of the defendants.
Proofs,
Decree.
The defendants state, that at the earnest solicitation of the complainant, they purchased out his Store .in Harrodsburg, which turned out to be remnants of goods at very high prices; they admit the note of Hanna & Co. was passed to the complainant as part of the contract and price of the goods; but deny that they made any assurances, but endorsed upon the usual terms of being responsible in case the makers should prove insolvent, and not to he coerced .by law; they state that when this note had fallen due, and had remained unpaid by the makers, the complainant proposed to the defendants, that if they would pay a part in hand and execute two notes to M’Afee, one for $300, the other for $78 31, that he would let them have hack the note of Hanna & Co. at a discount, to which they agreed.
It appears by the evidence, that M’Afee became hound in the replevin bond for Eccles before the sale of the goods was finally made to the defendants, and took a lien on the goods; that upon the sale to the defendants, made with the assent of M’Afee, the note of Hanna & Co. was pledged by complainant to M’Afee for his indemnity; mat after the executions issued against Eccles, M’Afee and Daniel Brewer borrowed of Meaux, five hundred dollars, at fifteen per centum per annum interest, which was applied to the executions against Eccles; and thereupon, with the assent of Eccles, the defendants agreed to give their note to Brewer, for the money and interest so borrowed by him and M’Afee from Meaux; to execute their notes to M’Afee for $378 31, aforesaid, and to take back Hanna & Co’s, note; and upon this arrangement, the defendants received a discount or abatement of $100; the defendants having discharged these notes, the note of Hanna & Co. (which was held by M’Afee as indemnity,) was delivered up to the defendants.
This sum of $100, allowed to the defendants in this arrangement, was decreed to the complainant, from which the defendants appealed.
Purchase of the note as-as^^Lr^rom the'assignee* at a discount is not usury,
Woodson and Monroe, for appellant; Daviess and Depew, for appellee.
We do not see upon wliat principle, the defendants below were bound to pay this sum of $100, to the complainant. They did not lead him into his difi culties; they found him in difficulty; with executions over his property; at his instance they bought his goods, and gave in part the note of Hanna &Co. and relieved the goods of the lien; they made no assurances of payment of Hanna’s note, other than the general liability created by law by the assignment of a common promissory note; they were responsible for the amount, if after due diligence by suit against the makers of the note, the assignee failed to receiver the amount. Instead of taking their remedy by suit against the makers of the note, the complainant thought proper to give to the defendants a discount of $100, to induce them to takte up that note in the manner agreed upon. In this there appears nothing unfair nor usurious; it was not on a treaty for a loan of money, but a fair bona fide transaction, by which the complainant, in place of a future and contingent claim upon the defendants, obtained a direct responsibility, by agreeing to the terms proposed and assented to by the complainant and his sureties.
Decree reversed with costs, and cause remanded with directions to dismiss the bill with costs.